J-S07015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN SINGER, | |
| Appellant | No. 2216 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 1, 2017
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000415-2016

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 30, 2018**

Appellant, Justin Singer, appeals from the judgment of sentence of 21 to 60 months' incarceration, imposed after a jury convicted him of flight to avoid apprehension, trial or punishment, 18 Pa.C.S. § 5126(a).  On appeal, Appellant seeks to challenge the trial court's admission of a video recording that, according to Appellant, was not properly authenticated.  Additionally, Appellant's counsel, Steven E. Burlein, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

In Attorney Burlein's ***Anders*** brief, he sets forth the facts and procedural history of Appellant's case as follows:

On or about July 26, 2016, at roughly 7:30 p.m., [Officer Keith Rynearson,] a member of the Honesdale Borough Police [Department,] was on patrol on Willow Avenue in the Borough of Honesdale. He observed a vehicle pass him in the opposite lane with an expired inspection sticker. [Officer] Rynearson then followed the vehicle to the parking lot of Cordaro's Restaurant, where the vehicle went to the rear of the parking lot and parked. A male exited the vehicle, [Officer] Rynearson attempted to talk to him, and the male fled the scene. [Officer] Rynearson chased the male but was unable to apprehend him. The male was later identified as [] Appellant, … and [he] was further identified as being wanted for absconding from PA State Parole. [Officer] Rynearson thereafter viewed video surveillance from Cordaro's Restaurant parking lot to confirm the identity of [] Appellant. [] Appellant was subsequently arrested and charged with the crime of Flight to Avoid Apprehension, Trial or Punishment (F3).

[] Appellant was convicted of the Flight charge [following] a [j]ury [t]rial on May 10, 2017. He was sentenced June 1, 2017 and received 21 … to 60 months[' incarceration] at a State Correctional Institution. At the request of [] Appellant, undersigned counsel filed this [a]ppeal.

*Anders* Brief at 5.

After Appellant filed a notice of appeal, the trial court ordered him to file a Pa.R.A.P. 1925(b) statement. Appellant timely complied, raising the following issue in his Rule 1925(b) statement:

Whether the trial [c]ourt erred as a matter of law in overruling the objection of [Appellant], and allowing the security video footage to be shown to the jury, without proper authentication or identification.

Pa.R.A.P. 1925(b) Statement, 7/25/17, at 1 (single page). The trial court issued a Rule 1925(a) opinion on September 8, 2017.

On December 9, 2017, Attorney Burlein filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, discussing the above-stated issue and concluding that it is

- 2 -

frivolous. Attorney Burlein also concludes that Appellant has no other, non-frivolous issues he could pursue herein.

As this Court has explained, we

must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked

- 3 -

by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Burlein's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Burlein also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally, he attached to his petition to withdraw a letter directed to Appellant in which he informs Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant contends that the trial court erred by admitting, over defense counsel's objection, video footage taken from security cameras at Cordaro's Restaurant. Preliminarily, we recognize that,

> [t]he standard of review employed when faced with a challenge to the trial court's decision as to whether or not to admit evidence is well settled. Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. ***Commonwealth v. Hunzer,*** 868 A.2d 498 (Pa.

Super. 2005). Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. *Id.*

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (citation omitted).

At trial, Appellant's counsel objected to the admission of the at-issue video on the ground that it was not properly authenticated. *See* N.T. Trial, 5/10/17, at 21. In response, the Commonwealth argued that Officer Rynearson's testimony demonstrated that the video was "a truthful and accurate depiction of what had happened" and, thus, that testimony was sufficient to authenticate the video. *Id.* The trial court agreed, and overruled Appellant's objection.

We ascertain no abuse of discretion in the trial court's decision. Our Supreme Court has explained:

> As in the admission of any other evidence, a trial court may admit demonstrative evidence whose relevance outweighs any potential prejudicial effect. ***Commonwealth v. Reid****,* 571 Pa. 1, 811 A.2d 530, 552 (2002), *cert. denied,* 540 U.S. 850, 124 S.Ct. 131, 157 L.Ed.2d 92 (2003). The offering party must authenticate such evidence. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Pa.R.E. 901(a). Demonstrative evidence may be authenticated by testimony from a witness who has knowledge "that a matter is what it is claimed to be." Pa.R.E. 901(b)(1). Demonstrative evidence such as photographs, motion pictures, diagrams, and models have long been permitted to be entered into evidence provided that the demonstrative evidence fairly and accurately represents that which it purports to depict. ***See Nyce v. Muffley****,* 384 Pa. 107, 119 A.2d 530, 532 (1956).

- 5 -

*Commonwealth v. Serge*, 896 A.2d 1170, 1177 (Pa. 2006).

In concluding that here, the Officer Rynearson's testimony sufficiently authenticated the at-issue video evidence, the trial court reasoned:

> Officer Rynearson offered a detailed account of how he followed [Appellant] by vehicle to the parking lot of Cordaro's Restaurant and then pursued [Appellant] by foot towards the front of the [r]estaurant. The location of Cordaro's Restaurant in relation to the crime scene was thoroughly identified by Officer Rynearson. Officer Rynearson further testified how he obtained [the] video footage of the entrance, [exit], and surrounding areas of Cordaro's Restaurant on the date and time of the crime. According to Officer Rynearson, the video footage was a truthful and accurate depiction of what occurred within view of those cameras. Thus, the video footage was authenticated by the testimony of a witness with knowledge, in accordance with Pa.R.E. 901(b)(1).

Trial Court Opinion (TCO), 9/8/17, at 2.

Our review of the record confirms that the trial court accurately summarizes Officer Rynearson's testimony regarding the video surveillance footage, and we agree with the court that his testimony properly authenticated the video evidence. Therefore, the trial court did not abuse its discretion in admitting that evidence over defense counsel's objection.

Accordingly, we agree with Attorney Burlein that the issue Appellant seeks to raise herein is frivolous. Additionally, our independent examination of the record reveals no other, non-frivolous issues that Appellant could raise on appeal. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/18